**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARCO ANTONIO CASTRO-SOLANO,

        Petitioner,

v.                                                     CV 15-0751 JB/CG
                                                      CR 15-1294 JB

UNITED STATES OF AMERICA,

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Marco Castro-Solano's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* ("Motion"), (CV Doc. 1), filed on August 25, 2015, Petitioner's *Supplemental Brief*, (CV Doc. 12), filed on October 5, 2015, and the United States' *Response to a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody* ("Response"), (CV Doc. 13), filed October 27, 2015.[1] United States District Judge James O. Browning referred this matter to this Court to make proposing findings and a recommended disposition. (CV Doc. 3). After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that the Motion be **DISMISSED WITH PREJUDICE**.

**I.**    **Factual and Procedural Background**

On April 15, 2015, pursuant to a *Fast Track Plea Agreement*, (CR Doc. 12), Petitioner plead guilty to an *Information*, (CR Doc. 9), charging him with Reentry of a

---

[1] Documents referenced as "CV Doc. ___" are from case number 14-cv-0894-JB-CG.  Documents referenced "CR Doc. ___" are from case number 10-cr-1761-JB-1.

Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b). (CR Doc. 13). Under the plea agreement, Respondent agreed to award Petitioner a two-level offense level reduction and to a sentence range established in accordance with the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"). (CR Doc. 12 at 3).

Applying the Sentencing Guidelines and the reduction called for in the plea agreement, the Court found that Petitioner had a total offense level of 19 and a criminal history category of II, resulting in a guideline range of 33 to 41 months imprisonment. (CR Doc. 24 at 4). This sentencing range was due, in large part, to a prior felony conviction for attempted burglary in Arizona, which caused the total offense level to increase by 16 points. On July 8, 2015, the Court sentenced Petitioner to 33 months. (CR Doc. 16 at 1). He is currently incarcerated at the Torrance County Detention Center. (CV Doc. 1 at 1). Petitioner filed the instant Petition on August 25, 2015, primarily challenging the application of the 16-level increase to his total offense level. (CV Docs. 1, 12).

## II. Legal Standard

An individual claiming that his sentence "was imposed in violation of the Constitution or laws of the United States" may move a court to vacate, set aside, or correct a sentence by filing a petition under 28 U.S.C. § 2255(a). To obtain habeas relief under § 2255, the petitioner must demonstrate "an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict." *United States v. Johnson*, 996 F. Supp. 1259, 1261 (D. Kan. 1998) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38(1993)). A court must hold an evidentiary hearing on a § 2255 petition unless the motions, files, and records conclusively show that the

prisoner is not entitled to any relief.  28 U.S.C. § 2255(b).

### III. Analysis

Petitioner first asserts that the 16-level increase to his offense level for a prior conviction for a crime of violence was unwarranted because (a) he was a minor when he committed the offense, which forecloses application of the increase, and (b) the attempted burglary conviction under Arizona law does not trigger application of the federal guidelines provision that includes attempts for crimes of violence.  (CV Docs. 1, 12).  Petitioner next asserts that counsel was ineffective because (1) she did not raise and argue the above issues and (2) she advised him to accept the plea agreement without Petitioner's best interest in mind.  (*See generally* CV Docs. 1, 12).

Respondent counters that an Arizona court convicted Petitioner as an adult so the exception for juvenile convictions does not apply and defense counsel cannot be expected to collaterally attack the state court's judgment.  (CV Doc. 13 at 3).  Respondent next contends that the crime of attempt is within the purview of the guidelines so the increase applies and counsel was not ineffective for arguing to the contrary.  (CV Doc. 13 at 3–5).

#### A. Petitioner's Sentencing Guideline Range

Since Petitioner's ineffective assistance of counsel claims are influenced by whether the Sentencing Guidelines range was appropriately calculated, the Court will begin its analysis by considering application of the Sentencing Guidelines.  Under the Sentencing Guidelines, an increase of 16 levels is applied to a defendant convicted of unlawfully reentering the United States who had previously been deported after being convicted of a crime of violence.  U.S.S.G. § 2L1.2(b)(1)(A).  Prior to the underlying

3

conviction in this case, Petitioner had previously pled guilty to attempted burglary in the second degree in violation of Arizona law, namely A.R.S. § 13-1001 and 13-1507(A), and was subsequently deported. Under the Sentencing Guidelines, burglary of a dwelling is listed as a crime of violence and the increase applies to convictions for attempts to commit crimes of violence. U.S.S.G. § 2L1.2, comment. (n.1(B) & 5). Thus, on its face, the provision applies unless Petitioner can establish that his conviction is somehow outside the scope of the provision or that some other exception applies. Petitioner raises two contentions to this effect.

### 1. Petitioner was Convicted as an Adult.

Petitioner first invokes an exception to the increase for "a conviction for an offense committed before the defendant was eighteen years of age unless such conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." U.S.S.G. § 2L1.2, comment. (n.1(A)(iv)). At the time of the offense Petitioner was under the age of 18 so the question is whether he was convicted as an adult under Arizona law. Petitioner contends that there is nothing in the state court criminal records indicating that he was being treated as an adult. (CV Doc. 1 at 5). Petitioner further asserts that he could not have been convicted as an adult under Arizona's statute setting forth the circumstances for treating juveniles as adults. (*Id.*).

The statute on which Petitioner relies, however, provides that "a person who is charged pursuant to this section shall be sentenced in the criminal court in the same manner as an adult for any offense for which the person is convicted." A.R.S. § 13-501(F). The state court order setting forth Petitioner's sentence clearly indicated that he was sentenced, in part, in violation of A.R.S. § 13-501, meaning he had been convicted

4

as an adult and was being sentenced as one. (Doc. 13-1 at 4). Even assuming Petitioner was correct in his contention that he could not have been convicted as an adult under Arizona law, because an Arizona court adjudicated him as one, the court in his federal criminal proceeding was precluded from considering a collateral attack on that state court conviction. *United States v. Millan-Torres*, No. 04-2208, 139 Fed. Appx. 105 (10th Cir. July 7, 2005) (unpublished) (holding that the petitioner could not collaterally challenge application of U.S.S.G. § 2L1.2 on the grounds that a California court erroneously convicted him as an adult because he lied about his age). Thus, Petitioner does not fall within the exception to the offense level increase for convictions for crimes of violence committed when the defendant was a minor.

### 2. Attempted burglary under Arizona Law is a crime of violence under the Sentencing Guidelines.

Petitioner's second argument is that the crime of attempt under Arizona law is different from attempt as contemplated in the Sentencing Guideline such that the increase does not apply. (CV Doc. 1 at 6). Specifically, Petitioner asserts that attempt under Arizona law is defined as "'any step' beyond preparation to commit a crime," whereas "[t]he generic, contemporary definition of attempt includes a 'substantial step . . . .'" (*Id.*). To support this assertion, Petitioner directs the Court to *United States v. Martinez*, 602 F.3d 1166 (10th Cir. 2010), which examined the implications of a prior conviction under Arizona law for attempted burglary on federal sentencing. (CV Doc. 1 at 6). Respondent contends that *Martinez* does not inform the question before the Court. (CV Doc. 13 at 4–5). The Court disagrees and finds the holdings of *Martinez* highly instructive, if not dispositive, but not in a way that benefits Petitioner.

In *Martinez*, the defendant pleaded guilty to the federal offense of being a felon in

5

possession of a firearm. 602 F.3d at 1167. During sentencing, the district court treated his two previous convictions in Arizona state court for attempted burglary as crimes of violence and increased his base offense level for these convictions in accordance with the Sentencing Guidelines. *Id.* (citing U.S.S.G. § 2K2.1(a)(2)). The district court also concluded that these convictions were violent felonies that, in conjunction with one other prior conviction, triggered a mandatory minimum sentence provision under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as well as a further increase to his offense level under the Sentencing Guidelines. *Id.* In opposing his sentencing range, the defendant in *Martinez* asserted that attempted burglary in Arizona is neither a "violent felony" under the ACCA nor a "crime of violence" under the Sentencing Guidelines.

In addressing whether attempted burglary in Arizona constitutes a violent felony under the ACCA, the Tenth Circuit thoroughly examined the crime of attempt in Arizona, specifically addressing the distinction between "any step" and "substantial step." *Id.* at 1170–73. In determining that attempted burglary under Arizona law encompassed conduct broader than that contemplated by the term "violent felony," the Court noted, among other things, that Arizona's Supreme Court "has never used the substantial-step formulation in applying [Arizona's attempt statute]." *Id.* at 1172. Thus, as to the ACCA, the court held that because an individual may commit attempted burglary in Arizona in a manner that does not "involve[] conduct that presents a serious potential risk of physical injury to another," that crime does not fall within the purview of the term "violent felony" as defined in the ACCA. *Id.* at 1168-73. Petitioner notes this distinction as supporting his argument that attempted burglary in Arizona is different from a generic

understanding of the crime elsewhere.  However, that attempted burglary in Arizona is not a "violent felony" under the ACCA's residual clause defining that term does not mean that it is also not a "crime of violence" under the Sentencing Guidelines.  In fact, *Martinez* directs otherwise.

After thoroughly reviewing how Arizona defines attempt and how it applies to the ACCA, the court in *Martinez* turned to the issue of whether an attempted burglary conviction under Arizona law constitutes a conviction for a "crime of violence" under U.S.S.G. § 4B1.2.  Although this court is interpreting U.S.S.G. § 2L1.2, the two provisions are very similar and the meaning of the particular terms and phrases at issue in *Martinez* are also at issue here.  Specifically, both provisions define crime of violence as including "burglary of a dwelling" and state that crimes of violence "include the offenses of aiding abetting, conspiring, and attempting, to commit such offenses." U.S.S.G. § 4B1.2(a)(1), comment. (n.1), § 2L1.2(b)(1), comment. (n.1(B)(iii), 5).  As such, the discussion and holding in *Martinez* regarding whether "crime of violence" under the Sentencing Guidelines includes an attempted burglary conviction in Arizona law is highly probative, if not dispositive, here.

In its analysis of the Sentencing Guidelines, the court stated that although it has considered interpretations of the term "violent felony" under the ACCA when considering interpretations of the term "crime of violence" under the Sentencing Guidelines, "the definitions are not identical." *Id.* at 1173.  Importantly, the court did not utilize or incorporate its analysis in the preceding section on the nuances of the crime of attempt in Arizona in considering whether it was a crime of violence.  Instead, the court noted that the Sentencing Commission had interpreted "crime of violence" to include attempts

to commit the enumerated crimes in that section, and that such commentary "is binding and authoritative unless it violated the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* at 1174. After finding no basis for invalidating the commentary section's inclusion of attempt, the court held that attempted burglary in Arizona, the same crime that Petitioner was previously convicted of, "is a crime of violence under the Sentencing Guidelines." *Id.* at 1175. In so holding, the court implicitly rejected the argument that Petitioner raises here since it did not even consider whether the crime of attempt under Arizona law is different from generic attempt in its discussion of whether attempted burglary in Arizona warrants an increase as a crime of violence.

Given the above, although the court in *Martinez* was interpreting a different Sentencing Guideline section, the specific terms at issue are exactly the same and the context in which they occur in their respective provisions are very similar. As a result, the Court reads *Martinez* as precluding it from recommending that attempted burglary in Arizona is not a crime of violence under the Sentencing Guidelines. Even assuming *Martinez* is not binding, the Court finds it highly persuasive and recommends applying its reasoning to the Sentencing Guidelines section at issue here. Given the impact of *Martinez* on this case, the Court does not address Petitioner's reliance on *United States v. Gonzalez-Monterroso*, 745 F.3d 1237 (9th Cir. 2013), a non-binding Ninth Circuit decision that employed a different analysis than the one set forth in *Martinez*. Accordingly, the Court recommends finding that attempted burglary under Arizona law is a crime of violence under U.S.S.G. § 2L1.2, and that the 16-level increase was appropriately applied to Petitioner.

### *B. Ineffective Assistance of Counsel*

Petitioner's final claim is that his counsel was ineffective. To establish ineffective assistance of counsel, Petitioner must satisfy a two-part test. First, Petitioner must show that counsel's performance was deficient because it fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Second, Petitioner must show that counsel's deficient performance prejudiced him. *Id.* at 687. To demonstrate that counsel was ineffective, Petitioner must satisfy both prongs outlined in *Strickland*. *See id.* at 687. Accordingly, the Court may address each of these components in any order, and need not address both if Petitioner makes an insufficient showing on one. *United States v. Dowell*, No. 10-1084, 388 Fed. Appx. 781, 783 (10th Cir. July 21, 2010) (unpublished) (citing *Strickland*, 466 U.S. at 697).

In demonstrating that counsel's performance was deficient under the first prong, "judicial scrutiny of counsel's performance must be highly deferential" and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The reasonableness of counsel's performance must be evaluated considering all the circumstances. *Id.* at 688.

To establish prejudice under the *Strickland* test, a petitioner must show "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Where a petitioner alleges ineffective assistance of counsel in connection with a plea agreement, the petitioner must demonstrate that "but for counsel's errors, he would not have pled guilty but rather would have gone to trial." *Neef v. Heredia*, No. 09-2200, 2010 WL 286562, at *2 (10th Cir. Jan. 26, 2010) (unpublished) (citing *Hill v. Lockhart*, 474 U.S. 52, 56–59 (1985)); *see also United States v. Abston*,

No. 10-5091, 401 Fed. Appx. 357, 362 (10th Cir. Nov. 5, 2010) (unpublished).

Petitioner first asserts that counsel was ineffective for failing to raise the arguments addressed in the preceding section. (CV Doc. 1 at 7; Doc. 12 at 2). In a related argument, Petitioner asserts that counsel was ineffective in urging him to accept the plea agreement because it prevented him from filing an appeal regarding his purportedly juvenile conviction. (CV Doc. 12 at 2). Because the Court recommends finding that the Sentencing Guidelines were applied correctly to his circumstances, the Court further recommends finding that counsel's decision not to raise arguments over the total offense level was not objectively unreasonable. At the hearing, counsel specifically noted that she had considered attacking the application of the increase but acknowledged that such an attack would be unavailing. (CR Doc. 24 at 5 (counsel explained that she "was hoping" to attack the conviction, "got the documents on the burglary [and] did the research," but decided that it would be unavailing in this case)). The Court agrees with counsel's conclusion and it was therefore not objectively unreasonable for her not to raise the arguments Petitioner believes she should have raised.

Moreover, given the range Petitioner was facing, counsel considered whether Petitioner should withdraw from the plea agreement "and take [his] chances directly with the judge." (*Id.*). She discussed this option with Petitioner and felt that there was a strong argument for a sentence in a lower range without the benefit of the agreement, "but [Petitioner] felt like he just didn't want to take that chance." (*Id.* at 5–6). Stated differently, Petitioner chose the benefits derived from the plea agreement over the risk of facing a longer sentence without it. After counsel highlighted the above during the

sentencing hearing, Petitioner was given an opportunity to speak before his sentence was imposed, but chose not to. Under these circumstances, the Court recommends finding counsel's performance was not objectively unreasonable in choosing not to challenge the sentencing range or in counseling Petitioner to accept the plea agreement.

Liberally construed, Petitioner's final argument is that counsel gave him the false impression that he would be released immediately and deported upon signing the plea agreement. (CV Doc. 12 at 2–3). The terms of the plea agreement and Petitioner's representations at the Plea Hearing demonstrate that this argument is entirely without merit. As to the agreement, Petitioner signed under a block of text stating that the agreement had been read to him in the language he best understands, that he carefully discussed the agreement with his attorney, and that he understood the terms and voluntarily agreed to them. (CR Doc. 12 at 7). The agreement was also signed by his attorney. (*Id.*). The terms of the agreement explicitly and unequivocally state:

> The sentence . . . will be determined by the sentencing court after a presentence investigative report has been completed by the United States Probation Office, the defendant has had an opportunity to review the report, request corrections to the facts presented in the report, and make legal arguments regarding application of U.S.S.G. § 2L1.2 or U.S.S.G. § 4A1.1.

(*Id.* at 2). The agreement goes on to explain that "[t]he federal sentencing guidelines are only advisory . . . ." (*Id.*). This language demonstrates that the sentence remained to be determined and that Petitioner was not or should not have been under the false impression that he would be released and deported upon signing the agreement.

Petitioner's Plea Hearing further shows that Petitioner knew his sentence remained to be determined even after he signed the agreement. At the plea hearing,

Petitioner represented that he and his attorney had discussed his plea agreement and his potential sentence under the sentencing guidelines, that he understood his attorney could only estimate what sentence he would receive, and that he could receive a sentence that was harsher than what was estimated.  Plea Hearing at 1:01, *United States v. Castro-Solano*, CR 15-1294 JB (D.N.M. Apr. 4, 2015).

Thus, even if the Court were to entertain the idea that counsel had misled Petitioner about his sentence, he would not be able to demonstrate prejudice since both the terms of the agreement highlighted above and his plea colloquy make very clear that his sentence range remained to be determined after the agreement was signed. Accordingly, Petitioner's assertion that he was under a false impression about the consequences of the agreement fails as well.

## IV.     Recommendation

For the reasons discussed above, the Court finds that Petitioner has failed to demonstrate that his sentencing guideline range was incorrectly calculated or that he was denied effective assistance of counsel in violation of his Sixth Amendment rights. Because the motions, files, and records conclusively show that Petitioner is not entitled to any relief, the Court will not hold a hearing in this case. *See* 28 U.S.C. § 2255(b). Therefore, the Court **RECOMMENDS** that Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody*, (CV Doc. 1), be **DISMISSED WITH PREJUDICE**. The Court further recommends that a certificate of appealability be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court**

**within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE